STATE OF MICHIGAN

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT

SOUTHERN DIVISION

00-72956
PAUL D. BORMAN

MAGISTRATE JUDGE PEPE

SALLY DOE, by her Next Friend
MOTHER DOE 1, JANE DOE, by her
Next Friend, MOTHER DOE 2 and
MARY DOE, by her Next Friend MOTHER
DOE 3,

        Plaintiffs,

v

Case No 00-

WARREN CONSOLIDATED SCHOOLS,
a Michigan municipal corporation,
JAMES KEARLY, DR JAMES CLOR,
DR PAUL STAMATAKIS, JERRY
MAIORANO,

HON

        Defendants
_____/

SEIKALY & STEWART, P.C
By. WILLIAM R SEIKALY (P33165)
38505 Woodward, Suite 2300
Bloomfield Hills, MI 48304
(248) 988-5698
_____/

FILED
2000 JUN 30 A 10: 43
U S DIST COURT CLERK
EAST DIST MICH.
DETROIT

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

### COMMON ALLEGATIONS AND JURISDICTION

NOW COME the plaintiffs, by and through their attorney, WILLIAM R SEIKALY, of the law firm of SEIKALY & STEWART, P C, and hereby complain of the defendants as follows

1  That MOTHER DOE 1 is the natural mother of the plaintiff, SALLY DOE who is a minor

2  That MOTHER DOE 2 is the natural mother of the plaintiff, JANE DOE who is a minor

3  That MOTHER DOE 3 is the natural mother of the plaintiff, MARY DOE who is a minor

4  That the DOE names are pseudonyms in order to protect the plaintiffs' privacy and, at the court's request, the parents have filed affidavits under seal for *in camera* review only attesting to their identities with the judge's clerk

5  The defendant Warren Consolidated Schools is a Michigan municipal corporation in the Eastern District of Michigan

6  The defendant James Kearly is a resident of the County of Macomb, State of Michigan

7  The defendant Dr Paul Stamatakis was the Superintendent of Warren Consolidated Schools during the time periods relevant to this Complaint and is a resident of the County of Wayne, State of Michigan

8  That defendant Dr James Clor is currently the Superintendent of Warren Consolidated Schools and is a resident of the County of Wayne, State of Michigan

9  That the defendant Jerry Maiorano is currently the principal at Siersma Elementary School and is resident of the County of Wayne, State of Michigan

10  That the defendant Warren Consolidated Schools is and was at the relevant time period an educational institution that receives federal funds and financial assistance

11   In 1966 the defendant James Kearly began his employment with Warren Consolidated Schools

12   On several occasions between January 1, 1998 and September 16, 1998, defendant James Kearly did use his position as a teacher and as an adult in which plaintiff Sally Doe trusted and used this position to have sexual contact with the plaintiff Sally Doe by touching her in a manner which was intended and did arouse his own sexual desires which constituted criminal sexual conduct, and acts of child abuse and sexual molestation

13   On several occasions between January 1, 1998 and September 16, 1998, defendant James Kearly did use his position as a teacher and as an adult in which plaintiff Jane Doe trusted and used this position to have sexual contact with the plaintiff Jane Doe by touching her in a manner which was intended and did arouse his own sexual desires which constituted criminal sexual conduct, and acts of child abuse and sexual molestation

14   On several occasions between January 1, 1998 and September 16, 1998, defendant James Kearly did use his position as a teacher and as an adult in which plaintiff Mary Doe trusted and used this position to have sexual contact with the plaintiff Mary Doe by touching her in a manner which was intended and did arouse his own sexual desires which constituted criminal sexual conduct, and acts of child abuse and sexual molestation

15   From a period of time beginning no later than 1987 and continuing until his employment ended, defendant James Kearly was involved in a pattern of conduct in which

Kearly touched female students in inappropriate sexual manners for his own sexual gratification as well as sexually harassed students and certain female staff members

16. That this pattern of conduct of defendant James Kearly was known to co-defendants Dr Paul Stamatakis, Dr James Clor, Jerry Maiorano and Warren Consolidated Schools and other supervisory and administration personnel of the Warren Consolidated Schools

16. This honorable court has original jurisdiction found on a claim or right arising out of the Constitution, laws or treaties of the United States pursuant to 28 U S C Section 1331 and 28 U S C Section 1343

### COUNT I – GROSS NEGLIGENCE AND INTENTIONAL MISCONDUCT BY WARREN CONSOLIDATED SCHOOLS, DR PAUL STAMATAKIS, DR JAMES CLOR AND JERRY MAIORANO

17. The plaintiffs reincorporate each and every paragraph of the Common Allegations as though more fully restated herein

18. At all times relevant herein, defendant Warren Consolidated Schools through its decision-making agents and officials, was liable for the violations of rights conferred by the United States and Michigan Constitutions perpetrated pursuant to its customs, policies and/or practices

19. By the actions and/or omissions described above, defendant Warren Consolidated Schools, through its decision-making agents, officials and administrators, and each supervisory defendant herein adopted and/or maintained the following customs, policies and/or practices among others in such an inadequate manner as to constitute gross negligence and/or intentional misconduct

4

a    Failing to properly supervise their employees and/or subordinates, including defendant Kearly, to prevent the sexual and physical abuse of students,

b    Failings to adequately investigate or act upon information brought to their attention regarding the suspected sexual and physical abuse of students by teachers under their supervision, including defendant Kearly,

c    Systematically and regularly minimizing reports of sexual and physical misconduct by teachers, which had the result encouraging a climate to flourish where innocent girls such as plaintiffs were victimized,

d    By removing from personnel records evidence of prior misconduct which if properly used, would have demonstrated a pattern of sexual misconduct, harassment and deviant behavior by co-defendant Kearly;

e    Failing to take appropriate disciplinary or preventive action against those teachers under their supervision, including defendant Kearly about whom they had information to suspect that they were sexually and physically abusing students,

f    Failing to report instances of suspected child sexual abuse to the Department of Social Services and other appropriate authorities as statutorily required pursuant to MCLA Section 722 623

20    Such actions and/or omissions constituting customs, policies and/or practices amounted to gross negligence or deliberate indifference and/or a callous disregard for the constitutional rights of students including plaintiffs

21. By the actions and/or omissions constituting customs, policies, and/or practices described above, defendant Warren Consolidated Schools proximately caused the deprivation of plaintiffs' clearly established constitutional and well settled rights to be free from sexual abuse by a school employee, to be violated, which constituted a denial of liberty without procedural and/or substantive due process as secured by the Fifty and Fourteenth Amendments to the United States Constitution and by Article I, Section 17 of the Michigan Constitution

22 As a direct and proximate result of the defendant Warren Consolidated Schools grossly negligent and deliberately indifferent conduct, customs, policies and/or practices, plaintiffs were sexually and physically assaulted by the defendant James Kearly causing them to suffer physical injuries, mental and emotional distress, pain, grief and anguish and the loss of earning capacity, all past, present and future

WHEREFORE, each plaintiff seeks compensatory, punitive and exemplary damages against defendants, jointly and severally, in an amount in excess of One Million Dollars and 00/100 ($1,000,000 00) which is fair and just and consistent with the law and evidence, together with interest, costs and attorney's fees

## COUNT II – 42 U S C SECTION 1983

23 The plaintiffs reincorporate each and every paragraph of the Common Allegations and Count I as though more fully restated herein

24 At all times relevant herein, plaintiffs Sally Doe, Jane Doe and Mary Doe had a right and a liberty interest under the Due Process Clause of the Fourteenth Amendment to the United States Constitution not to have their bodily integrity as the result of sexual abuse by a school employee

6

25      At all times relevant herein, plaintiffs Sally Doe, Jane Doe and Mary Doe had a right and a liberty interest under the Michigan Constitution, Article I, Section 17 to be free from intrusions upon their liberty and bodily integrity as the result of sexual abuse by a school employee

26      At all times relevant herein, the rights owed to plaintiffs were clearly established

27      At all times relevant, defendants Dr James Clor, Dr Paul Stamatakis and Jerry Maiorano were aware of facts regarding their subordinate James Kearly which pointed plainly toward the conclusion that James Kearly had been sexually and physically abusing students, including minor plaintiffs, Sally Doe, Jane Doe and Mary Doe

28      Despite defendants' knowledge, defendants Dr James Clor, Dr Paul Stamatakis and Jerry Maiorano demonstrated deliberate indifference toward the constitutional rights of students, including minor plaintiffs Sally Doe, Jane Doe and Mary Doe, by failing to take action that was necessary to prevent the continued victimization of students by James Kearly

29      By their actions and/or omissions, defendants Dr James Clor, Dr Paul Stamatakis and Jerry Maiorano adopted and/or maintained the following customs, policies and/or practices, among others

   a     Failing to properly supervise their employees and/or subordinates, including James Kearly, to prevent the sexual and physical abuse of students, including minor plaintiffs, Sally Doe, Jane Doe and Mary Doe,

   b     Failing to adequately investigate or act upon information brought to their attention regarding the suspected sexual and physical abuse of students by teachers under his supervision, including James Kearly,

7

    c    Systematically and regularly minimizing reports of sexual and physical misconduct by teachers, which had the result of encouraging a climate to flourish where innocent girls such as minor plaintiffs Sally Doe, Jane Doe and Mary Doe were victimized,

    d    By removing from personnel records evidence of prior misconduct which if properly used, would have demonstrated a pattern of sexual misconduct, harassment and deviant behavior by co-defendant Kearly,

    e    Failing to take appropriate disciplinary or preventative action against those teachers under their supervision, including James Kearly, about whom they had information to suspect that they he was sexually and physically abusing students,

    f    Failing to report instances of suspected child sexual abuse to the Department of Social Services and other appropriate authorities as statutorily required pursuant to MCL 722 623

30    Such actions and/or omissions constituting customs, policies and/or practices amounted to gross negligence and/or deliberate indifference and/or a callous disregard for the constitutional rights of students, including minor plaintiffs Sally Doe, Jane Doe and Mary Doe

31    By the actions and/or omissions constituting customs, policies and/or practices described above, defendants Dr Paul Stamatakis, Dr James Clor and Jerry Maiorano, individually and in their official capacity as supervisory officials of Warren Consolidated Schools, proximately caused by the deprivation of minor plaintiffs Sally Doe, Jane Doe and Mary Doe's clearly established constitutional and well-settled rights to be free from sexual abuse by a school employee, which constituted a denial of liberty without procedural and/or substantive

8

due process as secured by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 17 of the Michigan Constitution

32. As a direct and proximate result of defendants Dr James Clor, Dr Paul Stamatakis and Jerry Maiorano's grossly negligent and deliberately indifferent conduct, customs, policies and/or practices, minor plaintiffs Sally Doe, Jane Doe and Mary Doe were sexually assaulted by James Kearly causing them to suffer physical injuries, mental and emotional distress, pain, grief and anguish, medical expenses and the lost of earning capacity, all past, present and future

WHEREFORE, each plaintiff seeks compensatory, punitive and exemplary damages against defendants, Dr James Clor, Dr Paul Stamatakis, Jerry Maiorano and Warren Consolidated Schools, in an amount in excess of One Million Dollars ($1,000,000 00) which is fair and just and consistent with the law and evidence, together with interest, costs and attorney's fees

## COUNT III – TITLE IX

33. The plaintiffs reincorporate each and every paragraph of the Common Allegations, Counts I and II as though more fully restated herein

34. Plaintiffs Sally Doe, Jane Doe and Mary Doe were denied equal participation in federally funded educational programs on the basis of their sex

35. Plaintiffs Sally Doe, Jane Doe and Mary Doe were subject to intentional discrimination against them by their teacher, James Kearly

36. At the time of the discrimination, James Kearly was an employee of defendant Warren Consolidated Schools and acting within the scope of his employment and under the authority of Warren Consolidated Schools

9

37      The intentional discrimination by James Kearly took the form of sexual abuse, molestation and harassment

38      Plaintiffs Sally Doe, Jane Doe and Mary Doe were members of a protected class

39      The sexual harassment had the effect of unreasonably interfering with plaintiffs Sally Doe, Jane Doe and Mary Doe's education and creating an intimidating, hostile or offensive educational environment that seriously affected the psychological well-being of the plaintiffs

40      Defendant Warren Consolidated Schools, through its supervisory officials, knew of the hostile environment caused by James Kearly's harassment due to its pervasiveness

41.     James Kearly's harassment was so pervasive as to give rise to actual knowledge on the part of defendant Warren Consolidated Schools through its supervisory officials

42      Defendant Warren Consolidated Schools participated in and/or encouraged James Kearly's harassment, and/or defendant Warren Consolidated Schools had actual knowledge of the harassment

43      Despite having actual knowledge of the harassment, defendant Warren Consolidated Schools failed to take immediate appropriate action reasonably calculated to prevent or stop the harassment

44      As a proximate result of the acts or omissions of defendant Warren Consolidated Schools, minor plaintiffs Sally Doe, Jane Doe and Mary Doe have suffered physical injuries, mental and emotional distress, pain, grief and anguish, medical expenses and the loss of earning capacity, all past, present and future

WHEREFORE, each plaintiff seeks compensatory, punitive and exemplary damages against defendants, Dr. James Clor, Dr Paul Stamatakis and Warren Consolidated Schools, in an

amount in excess of One Million Dollars ($1,000,000.00) which is fair and just and consistent with the law and evidence, together with interest, costs and attorney's fees

SEIKALY & STEWART, P.C.

By _____
WILLIAM R. SEIKALY (P33165)
Attorney for Plaintiffs
38505 Woodward, Ste 2300
Bloomfield Hills, MI 48304
(248) 988-5698

Dated: June 29, 2000

### DEMAND FOR TRIAL BY JURY

NOW COME the plaintiffs, by and through their attorney, WILLIAM R. SEIKALY, of the law firm of SEIKALY & STEWART, P.C., and hereby demand a trial by jury in the above-entitled cause of action

SEIKALY & STEWART, P.C.

By _____
WILLIAM R. SEIKALY (P33165)
Attorney for Plaintiffs
38505 Woodward, Ste 2300
Bloomfield Hills, MI 48304
(248) 988-5698

Dated: June 29, 2000