**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SALLY DOE, by her Next Friend MOTHER DOE 1, JANE DOE, by her Next Friend, MOTHER DOE 2, and MARY DOE, by her Next Friend MOTHER DOE 3,

        Plaintiffs,

v.

WARREN CONSOLIDATED SCHOOLS, a Michigan municipal corporation, JAMES KEARLY, DR. JAMES CLOR, DR. PAUL STAMATAKIS, and JERRY MAIORANO,

        Defendants.
_____ /

Case Number: 00-CV-72956-DT

JUDGE PAUL D. BORMAN
UNITED STATES DISTRICT COURT

## ORDER REJECTING JOINT MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)

On December 17, 2004, after an approximate two week jury trial, an Order of Judgment was entered by this Court in favor of Plaintiffs pursuant to the jury's verdict. That verdict was within the high-low agreement presented to the Court during the trial. Thus, the verdict was the verdict, pure and simple.

On June 24, 2005, this Court denied Plaintiffs' Motion for Entry of Order Approving Settlement Agreement, Setting Aside Judgment, Granting Authority to Distribute Proceeds and Dismissing the Case with Prejudice and Without Costs.

Yet again, the parties, by Joint Motion, submit a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). The parties seek to set aside the judgment primarily based upon an independent agreement from which Plaintiffs contend they are able to receive the

1

benefit of a structured settlement and the Defendants obtain the benefit of having the judgment against them set aside.

A jury verdict was issued, judgment entered, and the Court will not undermine the jury's verdict or set aside the judgment.  Simply put, there is no basis for the Court to set aside the judgment.  There is absolutely no basis to set aside the judgment under Rule 60(b) which provides a basis for a court to set aside a judgment for inadvertent mistake or excusable neglect.

The Court has already been the victim of unreasonable and vexatious conduct by the parties on this issue; see Title 28 U.S.C. §1927, and Federal Rule of Civil Procedure 11(b) and (c).  The Court will not countenance another attempt by the parties to improperly set aside the judgment in this case.

The Court is available to consider the disbursement of funds provided to the Plaintiffs pursuant to the judgment.  The necessary parties to this matter are the Plaintiffs and their counsel.  **SO ORDERED**

                              s/Paul D. Borman
                              PAUL D. BORMAN
                              UNITED STATES DISTRICT JUDGE

Dated:  July 26, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 26, 2005.

                              s/Jonie Parker
                              Case Manager